IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/06/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

LEONARDO CANTILLO HINOJOSA, )
)
Petitioner, )
)
v. ) Case No. 26-3305-JWL
)
Warden, Midwest Regional Reception Center; )
DAVID VENTURELLA, Acting Director, ICE; and )
MARKWAYNE MULLIN, Secretary, DHS, )
)
Respondents. )
)
_______________________________________)

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner alleges that he is a native of Cuba; that he was arrested by a sheriff's deputy on August 7, 2026; and that he was taken into custody by immigration officials on August 10, 2026. Petitioner is presently confined within this judicial district. On August 19, 2026, petitioner filed the instant habeas action; the Government has filed an answer, and the deadline for a traverse from petitioner has now passed, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation

of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner challenges his detention without a bond hearing. The Government has confirmed in its response, however, that petitioner is not subject to mandatory detention, but that he is in fact detained under 8 U.S.C. § 1226, which provides for discretionary release on bond, *see id.* – as evidenced by the fact that on August 11, 2026, petitioner was served with a notice of a custody determination under Section 1226. Petitioner has not alleged that any request by him for a bond hearing has been refused.[1] Therefore, because petitioner is not being deprived of a bond hearing, the Court denies this claim.

Petitioner also claims that his arrest by a sheriff's deputy violated the Fourth Amendment; and that while he was in that prior custody, he was mistreated and denied access to family and counsel in violation of due process. As the Government notes in its answer, however, an illegal arrest does not affect the lawfulness of removal proceedings. *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984). Moreover, any such constitutional violations occurred not at the hands of these respondents, but while petitioner was in the custody of state law enforcement, prior to his custody by immigration officials. Petitioner has not cited any authority to support a claim for release or any other relief based

[1] According to the Government, petitioner was scheduled for a hearing in immigration court – at which he could request a bond hearing – on September 23, 2026 (continued from an earlier date so that petitioner could obtain counsel); but because petitioner has not filed a traverse, the Court is unaware of the outcome of that hearing.

on violations occurring prior to immigration detention. Accordingly, the Court denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge